# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE D. HUFFMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>RIVERSIDE COUNTY SHERIFF STANLEY SNIFF, et al.,<br><br>        Defendants. | Case No. ED CV 17-1197 JLS (MRW)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**SUMMARY OF RECOMMENDATION**

This is a pro se civil rights action involving a former pretrial detainee. Following remand from the appellate court, the case proceeded on Plaintiff's single claim against a local sheriff regarding Plaintiff's access to his psychiatric medication.

However, Plaintiff fails to demonstrate that there is a disputed issue of material fact that could plausibly lead a jury to find in his favor. Accordingly, the Court (Magistrate Judge Wilner) recommends that the defense's motion for summary judgment be granted and the action dismissed.

**FACTS AND PROCEDURAL HISTORY**

According to the Second Amended Complaint and the uncontested facts stated in the previous Report and Recommendation in this action,[1] Plaintiff was a pretrial detainee in a Riverside County jail for one week in February 2016. (Docket # 63 at 2.)

Riverside County Sheriff's Deputies transported Plaintiff from a jail in Los Angeles to Riverside to face local criminal charges. When he left the Los Angeles facility, Plaintiff possessed medications he took for serious, diagnosed mental health conditions. The deputies did not allow Plaintiff to keep the medications when he arrived at the Riverside jail. Medical personnel at the Riverside jail did not re-prescribe Plaintiff's medication. (Docket # 117-1 at 8.)

When Plaintiff was discharged from the jail, personnel did not give him any medication for his conditions. Plaintiff contends that he was involved in a car accident following his jail discharge that he attributes to his failure to take his medications. (Docket # 63 at 3.)

Plaintiff filed this civil rights action in 2017 alleging deliberate indifference under 42 U.S.C. § 1983 against various members of the Riverside County Sheriff's Department and jail staff. After the previous magistrate judge screened and dismissed iterations of his complaint, Plaintiff filed his

---

[1] The case was initially assigned to and handled by former Chief Magistrate Judge Walsh. Following the remand of the action from the Ninth Circuit, the matter was reassigned to Judge Wilner due to Chief Judge Walsh's retirement from the Court.

1  Second Amended Complaint. (Docket # 19.) The Ninth Circuit affirmed the
2  district court's grant of summary judgment against virtually all of the named
3  defendants in that pleading. (Docket # 79.) However, the appellate court
4  concluded that the action should proceed against Sheriff Sniff because
5  Plaintiff adequately pled that the sheriff "by policy and procedure" could be
6  liable for the failure to re-prescribe mental health medication for Plaintiff.
7  (Id. at 2.)
8        Following remand, the action continued only against Defendant Sniff.
9  The defense moved for summary judgment. (Docket # 117.) Plaintiff filed a
10 response to the motion. (Docket # 125.) As part of that response, Plaintiff
11 submitted a declaration in which he attested to various "facts," and made
12 reference to his summary judgment opposition papers from 2018.[2] (Docket
13 # 60.)
14 **RELEVANT FEDERAL LAW AND ANALYSIS**
15       **Summary Judgment Standards**
16       Under Federal Rule of Civil Procedure 56(c), summary judgment is
17 appropriate when there is no genuine issue as to any material fact and the
18 moving party is entitled to judgment as a matter of law. A "genuine issue"
19 exists only if there is a sufficient evidentiary basis upon which a reasonable
20 jury could return a verdict for the nonmoving party. Anderson v. Liberty
21 Lobby, Inc., 477 U.S. 242, 249 (1986).
22       To defeat a summary judgment motion, the nonmoving party must
23 present more than "a mere 'scintilla' of evidence[;] rather, the nonmoving

---

[2] Plaintiff Huffman was represented by an attorney (who was representing Plaintiff in a separate action in this district) for a short period of time in late 2022 and early 2023. (Docket # 107, 120.) The lawyer withdrew from the action during the pendency of this summary judgment motion. It does not appear that either Plaintiff (while representing himself pro se) or the lawyer conducted any discovery, sought to amend the complaint, or engaged in any motion practice after the case was remanded.

3

party must introduce some <u>significant probative evidence</u> tending to support the complaint." <u>Summers v. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. 1997) (quotation omitted, emphasis added). The nonmoving party may not rest on its own conclusory allegations or mere assertions; it must set forth non-speculative evidence of specific facts. <u>Emeldi v. University of Oregon</u>, 673 F.3d 1218, 1233 (9th Cir. 2012); <u>Anderson</u>, 477 U.S. at 252 (same); <u>Blankenbaker v. Progressive Cas. Ins. Co.</u>, 620 F. App'x 579, 582 n.4 (9th Cir. 2015) ("party opposing summary judgment must come forward with significant probative evidence as to each element of the claim on which it bears the burden of proof").

The Court views the inferences drawn from the underlying facts in a light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Additionally, the Court construes the claims of a <u>pro se</u> inmate liberally, and "should avoid applying summary judgment rules strictly." <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010); <u>Frost v. Symington</u>, 197 F.3d 348, 352 (9th Cir. 1999) (same).

Under Ninth Circuit law, "a motion for summary judgment may not be granted based on a failure to file an opposition to the motion." <u>Heinemann v. Satterberg</u>, 731 F.3d 914, 916 (9th Cir. 2013). However, a court may enter summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." <u>Id.</u> (quoting FRCP 56(e)(3)).

### ***Monell* Claim**

Nothing in the Second Amended Complaint or in Plaintiff's papers plausibly suggests that Defendant Sniff had any personal interaction with Plaintiff. Rather, to the extent that Plaintiff stated a claim in the pleading that must be liberally construed, the claim was against the office of the county

4

sheriff (or, more colloquially, against Sheriff Sniff in his "official capacity") for having an unconstitutional pattern, practice, or policy under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).[3] (Plaintiff appears to agree. See Docket # 125 at 4-5 (opposition brief to summary judgment motion).)

The elements of a civil rights claim under Monell are familiar. A plaintiff must prove (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy, custom, or practice; (3) the policy "amounts to a deliberate indifference to [the] constitutional right"; and (4) the policy was "the moving force" behind the constitutional violation. Gordon v. County of Orange, 6 F.4th 961, 973 (9th Cir. 2021). Liability for a custom or practice "may not be predicated on isolated or sporadic incidents; it must be founded on practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." Id. at 974.

\* \* \*

Ample law establishes that a local jail has a "robust obligation to provide medical care for those whom it is holding in its custody." Gilbert v. County of Los Angeles, No. CV 19-8599 MWF (RAOx), 2022 WL 18110848 at \*9 (C.D. Cal. 2022) (quotation omitted, collecting cases). That obligation extends to the immediate aftermath of an individual's discharge from custody; as a "matter of common sense[,] a prisoner's ability to secure medication on his own behalf is not necessarily restored the instant he walks through the prison gates and into the civilian world." Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999); Henry A. v. Willden, 678 F.3d 991, 1001 (9th Cir.

---

[3] Qualified immunity "does not extend to liability claims against municipalities." Brizuela v. City of Sparks, 2023 WL 5348815 at \*2 (9th Cir. Aug. 23, 2023); Horton v. City of Santa Maria, 915 F.3d 592, 603 (9th Cir. 2019). For this reason, the Court declines to take up the defense's assertion of qualified immunity in its motion. (Docket # 117-1 at 9-11.)

2012) ("failing to provide a prisoner with necessary psychotropic medication" in or out of custody violates Constitution; citing Wakefield).

**Analysis**

Reading Plaintiff's minimal opposition papers (filed in 2023) and his earlier submission (filed in 2018) in the light most favorable to him, it is apparent that Plaintiff had serious mental health ailments. Plaintiff admits – and reported to Riverside County jail officials – that he suffered from bipolar disorder, ADHD, depression, and mania. (Docket # 60 at 45-48.) Adequate evidence also likely establishes that (a) he had been prescribed medications for these ailments before he was taken into custody and (b) he did not receive medication after his release from custody. (Id.) Plaintiff likely can demonstrate that there is a genuine issue of material fact regarding the first Monell element. Matsushita Elec., 475 U.S. at 587; Thomas, 611 F.3d at 1150.

But there is certainly no evidence before this Court from which a rational jury could find any countywide policy, practice, or custom that violates the Constitution. Gordon, 6 F.4th at 973. At most, Plaintiff refers vaguely (without any verification, copy, or other valid evidentiary showing) to a "Riverside grand jury" investigation in 2012. (Docket # 125 at 2.) Plaintiff claims that "Sheriff Stan Sniff responded to the grand jury findings" in some way regarding the treatment of mental health inmates. (Id.) Plaintiff then conclusorily states that "as of February 16, 2016 [the date of his discharge,] the policy and procedure was never addressed to bring the Riverside County jails into compliance" with state regulations. (Id. at 3.) The remainder of Plaintiff's chaotic filing (and, for that matter, his 2018 submission) provides no further insight or evidence to support his contention regarding the Sheriff's Department's policy. Emeldi, 673 F.3d at 1233.

At most, Plaintiff can possibly prove that *he* was released from custody without adequate medication. However, he offers no proof that there were any "practices of sufficient duration, frequency, and consistency" to constitute the municipality's policy or custom at the time in question. Gordon, 6 F.4th at 974. Given that the Ninth Circuit previously affirmed the dismissal of all individual defendants named in the action due to Plaintiff's insufficient proof against them, he has certainly failed to surpass the higher evidentiary showing needed to demonstrate an unconstitutional, widespread government practice. Anderson, 477 U.S. at 249; Summers, 127 F.3d at 1152. The defense has adequately demonstrated (Docket # 117, 127) that it is entitled to summary judgment as a matter of law. Heinemann, 731 F.3d at 916.

**CONCLUSION**

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Report; (2) directing that summary judgment be entered in favor of the defense; and (3) dismissing the action with prejudice.

Dated: August 30, 2023

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE